# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                    Case No. 11-C-564
                                          (Criminal Case No. 88-Cr-130)

RAYMOND BRUCE BELTON,

                Movant.

## DECISION AND ORDER

On August 11, 2011, pro se Movant Raymond Bruce Belton ("Belton"), filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On July 13, 2012, Belton filed an expedited non-dispositive motion requesting the prompt issuance of a decision on his pending motion.[1] The motions are addressed herein.

Belton, convicted of conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and sentenced to thirty years imprisonment, is currently incarcerated in California. The conspiracy that forms the basis for his current conviction was alleged to have lasted from November 1, 1987, to September 13, 1988. *See United States v. Belton,* 890 F.2d 9, 10 (7th Cir. 1989). On direct appeal, Belton challenged the application

---

[1] Belton designated his motion as a Rule 7.4 expedited non-dispositive motion. However, the Local Rules of the Eastern District of Wisconsin were amended effective December 1, 2010. As of that date, the rule for expedited non-dispositive motions is Civil Local Rule 7(h). The motion is granted by this decision.

of § 4B1.1 of the United States Sentencing Guidelines which defined "career offender" as a convicted defendant who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense," contending that he had only one of the prior convictions. His contention was rejected and his conviction was affirmed on direct appeal. *See id.* at 11.

He subsequently filed for habeas corpus relief pursuant to 28 U.S.C. § 2255. United States District Court Judge Robert W. Warren, who presided over Belton's criminal proceedings, denied the motion. The denial was affirmed on appeal in an unpublished disposition. *See Belton v. United States,* 958 F.2d 374 (7th Cir. 1992) (Table).

Thereafter, as noted in *Belton v. Sanders,* No. CV 08-4370-GW(E), 2009 WL 1444521, at *4 (C.D. Cal. May 20, 2009), Belton continued to file a number of actions including several § 2255 motions in various courts attempting to challenge his sentence. Belton also unsuccessfully sought reduction of his sentence. Belton's post-conviction litigation history is recounted in greater detail in this Court's June 10, 2011, Decision and Order. (*See* ECF No. 165.) That recitation is not duplicated herein.

The Court's Decision and Order of June 10, 2011, addressed five pending motions. However, Belton's current Rule 59(e) motion focuses on the Court's ruling that his motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure is a successive motion under 28 U.S.C. § 2255, which may only be filed if permission is granted by the Court of Appeals for the Seventh Circuit. He contends that the ruling is manifestly incorrect because the Court has "patently misunderstood" his issue. (Rule 59(e) Mot. Recons. 2.) (ECF No. 6)

Belton contends that the Court's dismissal of ground seven in his second § 2255 motion involves "a clear usurpation of [judicial] power" and, therefore, dismissal of that ground is void. (*Id*.) He does not mention the other seven grounds of his second § 2255 motion. (*See* Mot. Leave Amend Original R. 60(b)(4) Mot. 3-4.) (ECF No. 3.)

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1989). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, *UAWA,* 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

The seventh ground of Belton's § 2255 motion is that the career offender provision was improperly applied during sentencing. (Mot. Leave Amend Original R. 60(b)(4) Mot. 3.) Belton states that the judgment is void because the sentencing court "wrongfully extended its jurisdiction beyond the scope of its authority in authorizing special penalty provisions to be imposed upon his sentence." (*Id.* at 6 (citing *United States v. Montoya*, 891 F.2d 1273, 1293 (7th Cir. 1989).)

On direct appeal in *Montoya,* the court of appeals rejected a defendant's contention that Rule 11 colloquy was inadequate because the judge did not inform him that a mandatory minimum sentence of ten years' imprisonment accompanied a conviction for conspiracy under 21 U.S.C. § 846. *Montoya*, 891 F.2d at 1293. The court stated that "[w]here a conspiracy statute fails to make reference to special penalty provisions such as mandatory minimum periods of incarceration, the special penalties may not be imposed for convictions

under the conspiracy statute." *Id*. (citing *Bifulco v. United States*, 447 U.S. 381 (1980) (holding that "special parole term" accompanying a conviction for an offense charged as the object of the conspiracy is not imposable for violation of section 846)). However, the court stated that "no mandatory minimum penalty accompanied [the defendant's] conspiracy conviction because the version of section 846 under which he was convicted makes no provision for the imposition of a minimum penalty." *Id*. at 1293-94 (citing *United States v. Campbell*, 704 F.Supp. 661, 663–65 (E.D. Va. 1989)).

Nonetheless, the appeals court stated that "Section 846 was amended in the Anti–Drug Abuse Act of 1988, Pub. L. No. 100–690, Title VI, § 6470(a), 102 Stat. 4181, 4312, 4377 (1988), to provide:

> 'Any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy.'

*Id*. at 1293 n.25 (citing 21 U.S.C. § 846). The court explained that "Congress amended section 846 to clarify that special penalty provisions such as mandatory minimum sentences and special parole terms imposable for substantive narcotics offenses are also applicable under this section." *Id*.

Thus, the appellate court stated that congressional intent was clear: "[A]ny penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense." *Id*. (citing 134 Cong. Rec. S17,366 (daily ed. Nov. 10, 1988) (section-by-section analysis of H.R. 5210, 100th Cong., 2d Sess.)). The effective date for the Anti–Drug Abuse Act of 1988 was November 18, 1988. *See United States v. Robinson*, 883 F.2d 940 (11th Cir. 1989). The conspiracy offense to which Belton plead guilty ended

September 13, 1988. Belton has raised an issue regarding whether, under the version of § 846 in effect at the time of his offense, he could be properly sentenced as a career offender. That contention is properly characterized as constituting a basis for relief under § 2255. The Court did not commit manifest error in assessing ground seven of Belton's Rule 60(b)(4) motion. Therefore, Belton's Rule 59(e) motion is denied.

Because of the number of successive § 2255 motions Belton has filed, the Court advises him that *Alexander v. United States*, 121 F.3d 312, 314 (7th Cir. 1997), empowers this Court to restrict a movant's ability to file motions with this Court as well as impose a fine. *See id.* at 316; *See also, United States v. Robinson*, 251 F.3d 594, 596 (7th Cir. 2001). Belton is cautioned that not only theories that were raised in a petition but also theories that could have been raised but were not, are precluded. *Alexander*, 121 F.3d at 314.

As required by Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts as amended December 1, 2009, this Court also certifies to the court of appeals that it has concluded that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, this Court declines to issue a certificate of appealability. Since this Court has not issued a certificate of appealability, Belton may not appeal the denial of this determination. However, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Belton's Rule 59(e) motion for reconsideration (ECF No. 6) is **DENIED**;

Belton's expedited non-dispositive motion (ECF No. 8) is **GRANTED**; and,

This Court **DECLINES** to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin this 6th day of November, 2012.

                                      **BY THE COURT**

                                      _____
                                      **Hon. Rudolph T. Randa**
                                      **U.S. District Judge**